UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ) | |
| MATTHEW M. EARL ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 11-CV-0656-JED-PJC |
| ) | |
| CHASE HOME FINANCE, LLC, ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Before the Court is the "Motion to Dismiss of Defendant JPMorgan Chase Bank, N.A., Successor by Merger to Chase Home Finance LLC ["Chase"], and Brief in Support" (Doc. 23). Matthew M. Earl ("Earl") filed this *qui tam* action, alleging violations of the False Claims Act, 31 U.S.C. §§ 3729-32 (the "FCA"), and state law claims for unjust enrichment and violation of Oklahoma's anti-deficiency statute, 12 *Okla. Stat.* § 686.  Chase now moves to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1).  For the reasons set forth below, the Court finds that the motion to dismiss should be granted and plaintiff's claims should be dismissed without prejudice.

## FACTUAL BACKGROUND

On December 13, 2005, Mr. Earl applied to the Rural Development Rural Housing Service of the United States Department of Agriculture ("Rural Development") for a housing guaranty.  The following month, Earl obtained financing for a home located in Chickasha, Oklahoma. Rural Development's guaranteed lending program is designed to make homeownership more obtainable for lower-income rural families.  Rural Development's

program provides incentives to lenders – such as Chase – who provide home financing by, among other things, acting as a guarantor of mortgages like Earl's.

Things didn't go as Mr. Earl planned. In 2008, Chase commenced foreclosure proceedings against Earl in the District Court of Grady County, Oklahoma. On April 30, 2009, judgment was granted against Earl in the amount of $72,055.08 for the balance due on the Chase loan. The home was appraised at a value of $72,100 in June of 2009. A sheriff's sale was held on July 7, 2009, and Chase purchased the home for $51,000 at that time. Chase never sought a deficiency judgment against Earl, but did submit a claim for loss payment[1] to Rural Development to recover losses associated with Earl's mortgage. On April 21, 2010, Rural Development paid $35,167.19 to Chase, and thereafter proceeded with collection actions against Earl for the amount paid to Chase.

Earl, as a relator, filed his complaint against Chase on October 24, 2011, asserting a claim under the FCA and state law claims on his own behalf for unjust enrichment and violation of Oklahoma's anti-deficiency statute. (Doc. 2). Because Chase did not seek a deficiency judgment against Earl, he alleges that Chase was not entitled to make a claim under the Rural Development guaranty with respect to his home loan. Earl further claims that it was fraudulent for Chase to submit a claim for loss payment to Rural Development and that Chase was unjustly enriched by the payment it received from Rural Development. Finally, Earl asserts that Chase violated 12 *Okla. Stat*. § 686 by collecting a deficiency in violation of the statute.

---

[1] The term "loss payment" refers to the unpaid debt plus "the unpaid principal and interest on the loan and the unpaid balance for principal and interest on authorized protective advances." 7 C.F.R. § 1980.376.

## STANDARD OF REVIEW

Chase moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted and Rule 12(b)(1) for lack of standing. As noted, defendant filed its motion to dismiss, styled as a motion under Rule 12(b)(6), after filing its answer in this case. Technically, it is impermissible under the Federal Rules to submit an answer and thereafter file a Rule 12(b)(6) motion to dismiss. *See* Fed.R.Civ.P. 12(b) (a motion to dismiss under the rule "shall be made before pleading if further pleading is permitted"). However, because Rule 12(h)(2) permits the court to consider "[a] defense of failure to state a claim upon which relief can be granted" within a Rule 12(c) motion for judgment on the pleadings if the defense was raised in the answer, the Court will treat defendant's motion as if it had been submitted under Rule 12(c). *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002). The distinction between the two rules is merely a procedural formality. Hence, the Court will employ the same standard that it uses to analyze a Rule 12(b)(6) motion to dismiss to evaluate a Rule 12(c) motion for judgment on the pleadings. *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000) (citation omitted).

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 562. Although

decided within an antitrust context, *Twombly* stated the pleadings standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.3d 1106, 1109-10 (10th Cir. 1991).

## DISCUSSION

### A. False Claims Act

The FCA authorizes private citizens to bring actions on behalf of the United States. 31 U.S.C. § 3730(b). These actions are known as *qui tam* actions, with the private citizen or "relator" acting "for the person and for the U.S. government against the alleged false claimant." *United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 706 n.3 (10th Cir. 2006) (quoting *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 768 (2000)). The United States must have an opportunity to intervene before the relator may serve the unsealed complaint on a defendant. *See* 31 U.S.C. § 3730(b)(2). Here, the United States declined to intervene, and Earl was thus permitted to proceed with this action. *See id*. § 3730(b)(4).

In his capacity as a relator, Earl's sole claim on behalf of the United States asserts that Chase submitted a false claim to the Rural Development agency of the United States Department

of Agriculture.  Chase moves to dismiss Earl's claim under the FCA for failure to plead it with sufficient particularity under Rule 9(b).  The Court notes that Earl's Response to Defendant's Motion to Dismiss (Doc. 26) did not discuss the merits of Chase's argument that his FCA claim should be dismissed, and instead argued only that the motion was untimely because it was styled as a 12(b)(6) motion to dismiss.  Nonetheless, the Court has fully considered all relevant law and the facts in Earl's complaint have been construed in the light most favorable to him.

Claims under the FCA are indeed subject to the heightened pleading requirements of Rule 9(b), as Chase asserts. *See, e.g.*, *Sikkenga*, 472 F.3d at 726-28.  Rule 9(b) requires that the circumstances constituting fraud must be stated with particularity, which means that the "who, what, when, where and how of the alleged fraud" must be set forth.  *Id*. at 726-27.  "[I]f the factual allegations do not support a conclusion that a "false or fraudulent claim" was made, the case may not proceed under the FCA." *U.S. ex rel. Morton v. A Plus Benefits, Inc*., 139 F. App'x 980, 982 (10th Cir. 2005).

Liability under the FCA is determined by 31 U.S.C. § 3729, which states:

(a) Liability for certain acts. -Any person who-

(1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government ... a false or fraudulent claim for payment or approval; [or]

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government; [or]

(3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid ...

is liable to the United States Government for a civil penalty of not less than $5000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person....

31 U.S.C. § 3729(a)(1)-(3). "At least two elements are necessary to state a claim under these provisions [of the FCA]: (1) a claim for payment from the government, (2) that is false or fraudulent." *United States ex rel. Morton v. A Plus Benefits, Inc.*, 139 F. App'x 980, 982 (10th Cir. 2005) (quoting *Boisjoly v. Morton Thiokol, Inc*., 706 F.Supp. 795, 808 (D. Utah 1988)).

Earl's claim is based upon Chase's submission of a claim for loss payment to Rural Development pursuant to its loan guaranty of Earl's mortgage. He asserts that, because Chase sought no deficiency from him, the procedure set forth in 7 C.F.R. § 1980.376 needed to be followed, but was instead violated, by Chase. (Doc. 2, ¶ 23). Earl's reliance on this regulation is misplaced. Earl points specifically to (a)(1)(iii) of § 1980.376, which states:

> *If* a deficiency judgment is obtained, the Lender must enforce the judgment against the borrower before loss settlement *if the current situation provides a reasonable prospect of recovery*. A loss payment will be made when the Lender holds a deficiency judgment but there are not current prospects of collection, even if there may be in the future.

7 C.F.R. § 1980.376(a)(1)(iii) (emphasis added). This provision does not state that a lender *must* obtain a deficiency judgment against a borrower. The lender is only required to enforce a deficiency prior to making a claim *if* there is a "reasonable prospect of recovery." *Id*. Aside from the plain language of § 1980.376, this conclusion is reinforced by other portions of the federal regulations governing Rural Housing Loans. For example, 7 C.F.R. § 1980.374(b) states:

> Maximum collection. The Lender is expected to make the maximum collection possible on the indebtedness. *The Lender will consider the possibility of recovery of any deficiency apart from the acquisition or sale of collateral*. The Lender will submit a recommendation on such recovery considering the borrower's assets and ability to pay, prospects of future recovery, the costs of pursuing such recovery, recommendation for obtaining a judgment, and the collectability of a judgment in view of the borrower's assets.

(Emphasis added). This provision dictates that a lender must consider the possibility of obtaining a deficiency and submit a recommendation regarding such recovery, but suggests that

6

the lender is not required to obtain a deficiency if doing so would be fruitless. Earl's complaint is devoid of any discussion as to whether Chase followed these procedures.

Earl's complaint also alleges in substance that, because the property at issue was appraised at a value of $72,100 and the judgment against him was $72,055.08, Chase's claim to Rural Development must have been fraudulent. As noted by Chase, the guaranty between Chase and Rural Development is separate and apart from Earl's mortgage with Chase, and such a guaranty is defined by its terms. *See Bank of Oklahoma, N.A. v. Red Arrow Marina Sales & Service, Inc*., 2009 OK 77, ¶ 4, 224 P.3d 685, 689 ("The terms of the guaranty agreement define the specific nature of the promise exacted from the guarantor and thus determine both the scope of the guarantor's liability and the available defenses the guarantor may raise against that liability."). No information is provided in Earl's complaint about the terms of Chase's guaranty with Rural Development, nor does Earl allege that Chase's actions were in violation of any of the terms of that guaranty. Construed in the light most favorable to Earl, his complaint fails to allege sufficient facts, much less particularized facts, to support his claim under the FCA.

Without further information regarding the terms of the guaranty between Chase and Rural Development, the facts alleged by Earl are insufficient under Rule 9(b) to support a conclusion that Chase submitted a fraudulent claim to Rural Development. Accordingly, Earl's claim under the FCA cannot survive a Rule 12(c) motion for judgment on the pleadings. However, at this stage of the litigation, dismissal of the claim with prejudice is not warranted where no discovery has taken place and it does not appear impossible that Earl could plead a viable claim under the FCA against Chase which would meet the Rule 9(b) specificity requirements.[2]  *See* Fed. R. Civ. P. 15(a)(2); *Bell v. City of Topeka, KS*, 279 F. App'x 689, 691-92 (10th Cir. 2008) ("In general, a

---

[2]  The Court entered an Order staying this litigation pending its ruling on Chase's motion (Doc. 25).

court may refuse leave to amend only on 'a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'") (quoting *Duncan v. Manager, Dep't of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).  The Court notes that Earl has requested leave to amend his complaint should the Court find it deficient.  (Doc. 26, p. 7).  Earl is granted thirty (30) days to amend his complaint by which he may, or may not, cure the pleading deficiencies discussed herein.

### B.  State Law Claims for Unjust Enrichment and Violation of 12 *Okla. Stat*. § 686.

Chase also moves to dismiss Earl's state law claims for lack of standing under Rule 12(b)(1).  Having concluded that Earl's FCA claim is subject to dismissal absent an amendment, this Court has discretion as to whether it will decline to exercise supplemental jurisdiction over Earl's remaining state law claims for unjust enrichment and violation of 12 *Okla. Stat*. § 686 should Earl fail to cure the noted deficiencies.  *See Estate of Harshman v. Jackson Hole Mountain Resort Corp*., 379 F.3d 1161, 1165 (10th Cir. 2004) ("Even where a 'common nucleus of operative fact' exists, federal jurisdiction is not mandatory over pendent claims or parties."). A federal district court should consider at every stage of the litigation "the values of judicial economy, convenience, fairness and comity" in order to determine the appropriateness of maintaining jurisdiction. *Carneige–Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).  The Tenth Circuit has stated that "[w]hen all federal claims have been dismissed, the court may and usually should, decline to exercise jurisdiction over any remaining state law claims." *Smith v. City of Enid by and through Enid City Comm'n*, 149 F .3d 1151, 1156 (10th Cir.1998).

The sole basis for this Court's jurisdiction alleged in Earl's complaint is that it raises a federal question under the FCA.  (Doc. 2, ¶ 5).  Should Earl's claim under the FCA be dismissed,

8

no other federal claim will remain.  The Court has not entered a scheduling order and the parties have not conducted any discovery.  The remaining claims for unjust enrichment and violation of 12 *Okla. Stat.* § 686 are based solely on Oklahoma state law.  The Court does not find any circumstances counseling that judicial economy, convenience, fairness, and comity will be advanced if the Court retains jurisdiction over Earl's state law claims.  If Earl fails to file an amended complaint curing the deficiencies discussed with respect to this FCA claim, his state law claims will be dismissed for lack of subject matter jurisdiction.[3]

**IT IS THEREFORE ORDERED** that the "Motion to Dismiss of Defendant JPMorgan Chase Bank, N.A., Successor by Merger to Chase Home Finance LLC, and Brief in Support" (Doc. 23) is **conditionally granted**, as provided herein.  Plaintiff is granted thirty (30) days within which to amend his complaint in an effort to cure the pleading deficiencies discussed herein.  If plaintiff fails to file an amended complaint, his claims will be dismissed.

**IT IS SO ORDERED** this 1st day of February, 2013.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[3] In reaching this decision, the Court does not express an opinion with respect to Chase's arguments that Earl lacks standing to bring his state law claims or that he has not alleged sufficient facts to support these claims.